# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                    )<br>              Plaintiff,              )<br>                                                    )<br>      vs.                                       )<br>                                                    )<br>                                                    )<br>BRIAN THOMAS MATTENBRINK, )<br>                                                    )<br>                                                    )<br>              Defendant(s)          )<br>_____) | Case No. CR  09-01149 GAF<br><br>**ORDER RE<br>CRIMINAL TRIAL** |

The above matter is set for trial before the Honorable Gary Allen Feess, Courtroom 740, Roybal Federal Building.

**PRE-TRIAL AND TRIAL DATES**

**Status Conference/Hearing** is set for Monday, February 1, 2010 at 1:30 p.m.

**Trial** is set for **Tuesday at 8:30 A.M.** on February 9, 2010.

2.  All pleadings shall be served personally on opposing counsel or faxed to opposing counsel no later than 4:30 p.m. on the day of filing.

3.     **Counsel are ORDERED to serve conformed courtesy copies of all motions, oppositions and replies directly to Chambers at the Roybal Federal Building, 255 East Temple Street, Suite 730, Los Angeles, California 90012 in accordance with the Local Rules.**

4. Counsel are ORDERED to list their facsimile transmission numbers along with their address and telephone numbers on all papers submitted to the Court in order to facilitate communication by the Court.

**DISCOVERY & NOTICE**

5. Counsel for the government and counsel for defendant shall comply promptly with discovery and notice pursuant to Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 15, and 16.  Upon government counsel's discovery of any evidence within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), such evidence shall be produced forthwith to counsel for the defendant.  Counsel for the government shall also disclose to counsel for defendant the existence or non-existence of: (1) evidence obtained by electronic surveillance; (2) testimony by a government informer.

**TRIAL**

6. Counsel for the government shall file with the Court <u>in camera</u> (under seal) <u>all</u> statements of <u>all</u> witnesses to be called by the government in its case-in-chief.  Such statements shall be filed at least five (5) calendar days before trial in a bench book tabbed with the witness(es)' name(s) for easy referral.

7. On the scheduled trial date, trial commences at 8:30 a.m. at which time the Court will conduct a final conference with counsel regarding voir dire, jury selection and related matters.  Counsel are expected to arrive promptly and to be prepared to deal with these issues.

8. Counsel for the government shall present the Courtroom Deputy with the following documents on the first day of trial:

    a.    <u>THREE</u> <u>copies</u> of the <u>government's witness list.</u>

    b.    <u>THREE</u> <u>copies</u> of the <u>government's exhibit list</u> in the form specified in Local Rule 16-6 (Civil).

    c.    <u>ALL</u> of the <u>government's exhibits</u>, with official exhibit tags attached and bearing the same number shown on the exhibit list. The government should provide an original to be made a part of

1  the trial record, and copies for all counsel and the Court.  Exhibit
2  tags can be obtained from the receptionist in the main Clerk's
3  Office, located at 312 North Spring Street, Room G-8.
4   d. A <u>bench book</u> containing a copy of all exhibits that can be
5  reproduced.
6  Each exhibit shall be tabbed with the exhibit number for easy
7  referral.  Defendant's counsel shall provide the Court with a copy
8  of their exhibits as they are introduced during trial.
9   e. An electronic disk containing the exhibit list.
10  A copy of the exhibit list with all **admitted exhibits** will be given
11  to the jury during deliberations.  Government and defense
12  counsel shall review and approve the exhibit list with the
13  Courtroom Deputy prior to it being given to the jury.
14   9.  Defendant's counsel does not have to deliver his or her exhibits to the
15  Courtroom Deputy on the first day of trial; however, is expected to have exhibit tags
16  affixed to all exhibits that it might use, including those that might be used to refresh
17  recollection, and to have copies of each exhibit available for the Court and all
18  counsel.
19   10.  Counsel is responsible for providing copies in accordance with this order.
20  COUNSEL MAY NOT IMPOSE ON THE COURT'S STAFF TO MAKE COPIES
21  DURING THE COURSE OF TRIAL.
22   11.  Counsel for the government should be aware that the Court will order that
23  exhibits such as firearms, narcotics, etc., remain in the custody of the agents during
24  the pendency of the trial.  The agent will be required to sign the appropriate form in
25  order to take custody of such exhibits.  It shall be the responsibility of the agents to
26  produce said items for court, secure them at night and guard them at all times while
27  in the courtroom.
28

12. If counsel need to arrange for the installation of their own additional equipment, such as video monitors, overhead projectors, etc., notify the Court's Space and Facilities Department at 213-894-1400, no later than 4:30 p.m. two days BEFORE trial so that the necessary arrangements can be made.

13. Trials commence on Tuesday at 8:30 a.m., with jury selection beginning at 9:00 a.m., or as soon thereafter as possible. Trials are conducted Tuesday through Friday either from 9:00 a.m. to 5:00 p.m., with two fifteen (15) minute breaks normally at 10:00 a.m. and 3:00 p.m., and a lunch recess from 12:00 p.m. to 1:30 p.m; or, in the case of longer trials, from 8:30 a.m. to approximately 2:30 p.m. with two 20 minute breaks.

14. Before trial commences, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues. During the trial, if there are any matters you wish to discuss, please inform my Courtroom Deputy. **The Court will rarely grant requests for sidebar while the jury is in session.**

15. The Court reserves the time immediately prior to the commencement of the trial day to handle legal and administrative matters outside of the presence of the jury. The trial before the jury will commence promptly at 9:00 a.m. Counsel is urged to anticipate matters which may need discussion or hearing outside of the presence of the jury and to raise them during this period, during breaks or at the end of the day.

**JURY INSTRUCTIONS AND VERDICT FORMS**

16. Jury instructions in the form described below are to be submitted <u>not later than the Wednesday of the week prior to trial.</u> Counsel need only submit proposed SUBSTANTIVE instructions, the Court will propound its own general instructions and will essentially follow the format set out in the *Manual of Model Criminal Jury Instructions for the Ninth Circuit* (West Publishing, latest edition). In those cases where a special verdict is desired, counsel shall submit a proposed verdict form with

the jury instructions.  Counsel shall submit an electronic <u>disk</u> containing the proposed joint and disputed instructions, and the proposed special verdict.

17.  The parties must submit JOINT jury instructions and a JOINT proposed verdict form (if a special verdict is desired).  In order to produce these joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date with the goal of agreeing upon instructions and verdict forms.  The jury instructions shall be submitted as follows: 1) JOINT jury instructions, those instructions which are agreed to by all parties; and 2) DISPUTED jury instructions, those instructions propounded by a party to which another party objects.  Objections to disputed instructions shall be filed no later than the Friday before the trial.  Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

18.  The Court prefers counsel to use the instructions from the *Manual of Model Criminal Jury Instructions for the Ninth Circuit,* West Publishing, latest edition.  Another suggested source is <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, West Publishing Co., current edition.

19.  An index page shall accompany all jury instructions that are submitted to the Court.  The index page shall indicate the following:

    a.  The number of the instruction;
    b.  A brief title of the instruction;
    c.  The source of the instruction; and
    d.  The page number of the instruction.

**EXAMPLE:**

| Number | Title | Source | Page Number |
| --- | --- | --- | --- |
| #1 | Duty of the Jury | 9th Cir. 1.01 | 1 |

**INSTRUCTIONS GOVERNING PROCEDURE DURING TRIAL**

20. Counsel are expected to cooperate with each other during trial to insure the efficient and expeditious use of the time of the Court and the jurors.

21. Counsel shall not refer to their clients or any witness over 14 years of age by their first names during trial.

22. Do not discuss the law or argue the case in opening statements.

23. When objecting, state only that you are objecting and the legal ground of the objection, e.g., hearsay, irrelevant, etc. Do not argue an objection before the jury.

24. Questions should not be preceded by any editorial comment of any sort. Attorneys are not witnesses and should not behave as if they are. The Court will admonish counsel for any violation of this rule.

25. The Court disfavors argumentative questions and will sustain its own objection to any such questions.

26. In multi-defendant cases the Court encourages defense counsel to coordinate their cross-examination to avoid unnecessary duplication.

27. Do not approach the Courtroom Deputy or the witness box without the Court's permission. Please return to the lectern when your purpose has been accomplished. Do not enter the well of the Court without the Court's permission.

28. Please rise when addressing the Court. In jury cases, please rise when the jury enters or leaves the courtroom.

29. Address all remarks to the Court. Do not directly address the Courtroom Deputy, the reporter or opposing counsel. If you wish to speak with opposing counsel, ask permission to talk to counsel off the record. All requests for the re-reading of questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

30. Do not make an offer of stipulation unless you have conferred with opposing counsel and reached an agreement. Any stipulation of fact will require the defendant's personal concurrence and shall be submitted to the Court in writing for

approval. A proposed stipulation should be explained to him or her in advance. **The Court encourages the parties to stipulate to any facts that are not reasonably in dispute.**

31. While court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

32. When a party has more than one lawyer, only one may conduct the examination of a given witness and only that same lawyer may handle objections during the testimony of that witness.

33. If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when court resumes.

34. Do not run out of witnesses. If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

35. The Court attempts to cooperate with doctors and other professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be put on out of sequence. Anticipate any such possibility and discuss it with opposing counsel. If there is an objection, confer with the Court in advance.

36. Counsel are advised to be on time as the Court starts promptly.

37. Counsel may use exhibits in opening statement and demonstratives in opening statement, but only if adequate notice is given to opposing counsel and only if the Court concludes that the exhibit will be admitted into evidence and that the demonstrative either will be admitted or is based on admissible evidence and that the demonstrative is not unduly argumentative.

38. During closing argument, counsel should avoid the following:
    a. Do not speak in the first person and offer opinions regarding the evidence. Argue only the evidence and inferences that may be drawn

from the evidence.  An expression of opinion regarding the state of the evidence is improper.

b.  Do not discuss personal experiences and how those experiences may reveal anything about the evidence.

c.  Counsel may not use contemporary news events or other cases to make a point during argument, but may illustrate points through the use of non-contemporary matters that have become well established in the broader culture.

d.  Do not argue from the position of a juror (if I were a juror . . .) or appeal to the personal interests of members of the jury panel.

e.  Do not use demonstrative materials without showing them to opposing counsel; insure that the information in the demonstrative materials finds support in the record or the Court will not permit its use.

**DATED: December 14, 2009**

_____
**Gary Allen Feess**
**UNITED STATES DISTRICT JUDGE**

[1]