GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ERIK M. SILBER
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
California Bar Number:   190534
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:   (213) 894-2231
     Facsimile:   (213) 894-8601
     Email:       Erik.Silber@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 09-1149-GAF |
| Plaintiff, | <u>RULE 11(c)(1)(C) PLEA AGREEMENT FOR DEFENDANT BRIAN THOMAS METTENBRINK</u> |
| v. | |
| BRIAN THOMAS METTENBRINK, | |
| Defendant. | |

1.  This constitutes the binding plea agreement, under Federal Rule of Criminal Procedure 11(c)(1)(C), between BRIAN THOMAS METTENBRINK ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

2.  Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a single-count, first superseding information in the form attached to this agreement or a substantially similar form.

NATURE OF THE OFFENSE

3.  In order for defendant to be guilty of the count charged in the information, which charges a violation of Title 18, United States Code, Sections 1030(a)(5)(A)(iii)(2008), the following must be true: (1) defendant accessed a computer without authorization; (2) defendant acted intentionally; (3) defendant's conduct caused loss to one or more persons during any one-year period aggregating at least $5,000; and (4) the computer accessed was used in interstate or foreign commerce or communication. Defendant admits that defendant is, in fact, guilty of this offense as described in the information.

PENALTIES AND RESTITUTION

4.  The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1030(a)(5)(A)(iii), (a)(5)(B)(i), (c)(2)(A) is: 1 year imprisonment; a 1-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $50.

5.  Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any

supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Defendant understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

7. Defendant understands that defendant will be required to pay full restitution to the victim of the offense. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the count to which defendant is pleading guilty and may include losses arising from charges not prosecuted pursuant to this agreement as well as all relevant conduct in connection with those charges. The parties currently believe that the applicable amount of restitution is approximately $20,000 (jointly and severally liable with all other defendants charged with participating in the January 2008 DDOS attacks against the Church of Scientology), but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

3

FACTUAL BASIS

8.   Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts includes facts sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 12 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

    At all times relevant herein, the Church of Scientology ("COS"), which had its administrative headquarters in Los Angeles County, operated several websites in interstate and foreign commerce and communication (the "COS websites").

    Beginning on or about January 24, 2008, and continuing to on or about January 29, 2008, defendant Brian Thomas Mettenbrink, working in concert with others, knowingly and intentionally accessed the COS websites without authorization.  Specifically, defendant downloaded software from an internet message board allegedly related to an anti-COS group calling themselves "Anonymous."  Defendant used that software to, without authorization, access the COS websites at such a high rate that it impaired the integrity and availability of the COS websites and the computer system where they were hosted.  Defendant intended to access the COS websites without authorization and intended to impair the availability of the COS websites in this manner.  This is a variation of a distributed denial of service attack, or a "DDOS" attack.

    By this conduct, defendant and the others who participated in the DDOS attack caused more than $5,000 in loss to the COS in a one-year period.  Specifically, the COS, after attempting to mitigate the attack with internal personnel, contracted with an outside service on or about January 20, 2008, to restore the availability of the COS websites.  Then, on or about January 31, 2008, the outside service charged the COS an additional $20,000 fee because of the continuing ferocity of the ongoing DDOS attack.

## WAIVER OF CONSTITUTIONAL RIGHTS

9. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, challenges to venue, and other pretrial motions that have been filed or could be filed.

### WAIVER OF DNA TESTING

10.  Defendant understands that the government does not intend to conduct DNA testing of any of the evidence in this case.  Defendant understands that, before entering guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case.  Defendant further understands that, with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600.  Knowing and understanding defendant's right to request DNA testing, defendant knowingly and voluntarily gives up that right with respect to any items of evidence there may be in this case that might be amenable to DNA testing.  Defendant understands and acknowledges that by giving up this right, defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type.  Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

### SENTENCING FACTORS

11.  Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining

6

defendant's sentence. Defendant understands that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

12. Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | +6 | [U.S.S.G. § 2B1.1(a)(2)] |
| **Specific Offense Characteristics** | | | |
| Loss amount greater than $10,000 but fewer than $30,000 | : | +4 | [U.S.S.G. § 2B1.1(b)(1)(E)] |
| **Adjustments** | | | |
| Acceptance of Responsibility | : | -2 | [U.S.S.G. § 3E1.1(a)] |

The parties agree not to seek, argue, or suggest that any other specific offense characteristics, adjustments, or departures be imposed.

13. Defendant and the USAO agree that an appropriate disposition of this case is that the court impose a sentence of 12 months incarceration, a one-year period of supervised release (with defendant required to devote 20 hours per week to community service, as directed by the Probation Office, although defendant can move to reduce the number of hours if it unduly burdens his ability to work), a special assessment of $50, and restitution as ordered by the court. The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this

stipulated sentence, including credit under Sentencing Guideline 5G1.3.

14. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.

15. Defendant understands and agrees that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). So long as defendant does not breach the agreement, defendant may withdraw from this agreement and render it null and void if the Court refuses to be bound by this agreement. The USAO may, in its discretion, withdraw from this agreement and render it null and void if the defendant breaches this agreement or the Court refuses to be bound by this agreement. If defendant or government withdrawals from the plea agreement under this provision, defendant waives any Speedy Trial Act, 18 U.S.C. § 3161 <u>et seq.</u>, rights with regard to the underlying indictment.

### DEFENDANT'S OBLIGATIONS

16. Defendant agrees that he will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

1          c) Not knowingly and willfully fail to: (i) appear as
2 ordered for all court appearances, (ii) surrender as ordered for
3 service of sentence, (iii) obey all conditions of any bond, and
4 (iv) obey any other ongoing court order in this matter.
5          d) Not commit any crime; however, offenses which would
6 be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are
7 not within the scope of this agreement.
8          e) Not knowingly and willfully fail to be truthful at
9 all times with Pretrial Services, the U.S. Probation Office, and
10 the Court.
11         f) Pay the applicable special assessment at or before
12 the time of sentencing unless defendant lacks the ability to pay.
13    17.   Defendant further agrees to the following conditions to
14 be imposed during any period of probation or supervised release:
15         a.   Defendant shall use computers, computer-related
16 devices, screen/user names, passwords, email accounts, and
17 Internet Service Providers (ISPs) only within the scope of his
18 employment or as otherwise approved by the Probation Office for
19 personal or school use.  Computer and computer-related devices
20 include, but are not limited to, personal computers, personal
21 data assistants (PDAs), Internet appliances, electronic games,
22 and cellular telephones, as well as peripheral equipment, that
23 can access, or can be modified to access, the Internet,
24 electronic bulletin boards, other computers, or similar media.
25 Defendant shall immediately report any changes in defendant's
26 employment affecting defendant's access and/or use of computers
27 or the Internet, including e-mail;
28

      b.   Any computers, computer-related devices, computer storage media, and peripheral equipment approved by the Probation Office for defendant's personal use shall be subject to search and seizure, and subject to the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search.  Except for routine or automatic software additions, deletions, upgrades, updates, installations, repairs, or other modifications, defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on any computers, computer-related devices, or peripheral equipment approved for defendant's personal use without the prior approval of the Probation Office.  Nor shall defendant hide or encrypt files or data.  Further, defendant shall, as requested by the Probation Office, provide all billing records, including telephone, cable, Internet, satellite, and similar records.

      c.   Not to associate knowingly with any member of the group "Anonymous."

## THE USAO'S OBLIGATIONS

18.  If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees to abide by all sentencing stipulations contained in this agreement.

## BREACH OF AGREEMENT

19.  If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, whichever is later, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may

extent that such defenses existed as of the date of defendant's signing of this agreement.

### LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

21. Defendant gives up the right to appeal any sentence imposed by the Court and the manner in which the sentence is determined, provided that the sentence is that agreed to in paragraph 13 above. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

22. The USAO gives up its right to appeal any sentence imposed by the Court, provided that the sentence is that agreed to in paragraph 13 above.

### COURT NOT A PARTY

23. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one - not the prosecutor, defendant's attorney, or the Court - can make a binding prediction or promise regarding the sentence

1  defendant will receive, except that it will be within the
2  statutory maximum.

3                    NO ADDITIONAL AGREEMENTS
4       24.  Except as set forth herein, there are no promises,
5  understandings or agreements between the USAO and defendant or
6  defendant's counsel.  Nor may any additional agreement,
7  understanding or condition be entered into unless in a writing
8  signed by all parties or on the record in court.

9          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING
10      25.  The parties agree and stipulate that this Agreement
11 will be considered part of the record of defendant's guilty plea
12 hearing as if the entire Agreement had been read into the record
13 of the proceeding.

14      This agreement is effective upon signature by defendant and
15 an Assistant United States Attorney.

16 AGREED AND ACCEPTED

17 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
18
   GEORGE S. CARDONA
19 Acting United States Attorney

20 /s/ EM                                    1/25/10
21 ERIK M. SILBER                            Date
   Assistant United States Attorney
22 Cyber and Intellectual Property
   Crimes Section
23

24      I have read this agreement and carefully discussed every
25 part of it with my attorney.  I understand the terms of this
26 agreement, and I voluntarily agree to those terms.  My attorney
27 has advised me of my rights, of possible defenses, of the
28 Sentencing Guideline provisions, and of the consequences of

                              13

entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____   1/22/10
BRIAN THOMAS METTENBRINK      Date
Defendant

I am Brian Thomas Mettenbrink's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____   _____
KIM SAVO                     Date
Counsel for Defendant
Brian Thomas Mettenbrink

01/19/2010 20:01  402-734-2887  AMTOTE HORSEMENS  PAGE 01

entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          _____
BRIAN THOMAS METTENBRINK                  Date
Defendant

    I am Brian Thomas Mettenbrink's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_/s/ Kim Savo_____              _1/22/10_____
KIM SAVO                                  Date
Counsel for Defendant
Brian Thomas Mettenbrink